## No. 24840

**The People of the State of Colorado v.
Ernest Romero and David Martinez**
(499 P.2d 604)

Decided July 17, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane,

Chief Deputy, T. Michael Dutton, Deputy, for defendants-appellants.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In a trial to the court the defendants were convicted under our statute which provides:

"Every person who shall enter without breaking any motor vehicle, with the intent to commit the crime of theft and steals therefrom money, goods, or other valuable thing, shall be deemed guilty of a felony . . . ." 1967 Perm. Supp., C.R.S. 1963, 40-5-10(2).

The goods stolen were a saddle, saddle pad and bridle.

Mary Kimble, aged 15, had two horses and desired to purchase a saddle. On the morning of February 19, 1970 she communicated this information to the defendants, one of whom told her that he "would try and find [her] one."

One Helmer Sego had possession of a saddle, pad and bridle. Between 6:30 and 7:15 p.m. that same day he observed these articles in the truck part of his pickup while it was parked in the town of Sanford. He did some driving thereafter, but the testimony was without conflict that it would have been impossible for the saddle to have fallen out of the truck. Sego returned home at 7:30 p.m., parking the pickup outside. At 9:30 p.m. it began to snow, and Sego went outdoors to cover the saddle, pad and bridle with a tarpaulin. They were gone.

Between 7:30 and 8:00 p.m. that same evening, Mary encountered the defendants and observed a saddle in the back seat of their automobile which they offered to sell. One of the defendants suggested a price of $20 which Mary knew was less than the value of the saddle. On the following day the defendants delivered a saddle, pad and bridle to Mary's father. Being suspicious, Mary reported the matter to the authorities a few days later, delivering the articles to the

sheriff.

## I.

The stolen saddle, blanket and bridle were introduced as exhibits. It is urged that the defendants were not connected with the articles as Mary's father was not asked to, nor did he, identify the exhibits as those delivered to him by the defendants. However, he testified that Mary took the items, and Mary identified the exhibits as those so obtained. This adequately forged the link in the chain of identification evidence.

## II.

■ The defendants stress the following quotation from *Wilcox v. People,* 152 Colo. 173, 380 P.2d 912 (1963):

"And the decisions holding that possession of stolen goods, together with all other circumstances connecting the accused with the crime, is sufficient to convict of burglary, are predicated on the assumption that the burglarious entry has been proven."

It is urged that the conviction must fall because there was no direct evidence of *entry* of the vehicle. We do not subscribe to this proposition. Sego's testimony adequately established that someone, unknown, entered the vehicle with the intent to steal, and did steal. The court could infer from unexplained possession by the defendants shortly thereafter that they were the persons who violated the statute. *Noble v. People,* 173 Colo. 333, 478 P.2d 662 (1970); *Kimmel v. People,* 172 Colo. 333, 473 P.2d 167 (1970); and *Wilcox v. People, supra.*

## III.

■ The defendants also urge upon us that, since a person might reach into the truck and take the articles, the truck portion of the pickup is not "within the zone of expected inviolability or privacy." Defendants rely on *Smith v. District Court,* 75 Nev. 526, 347 P.2d 526, 79 A.L.R.2d 283 (1959) which held that reaching into the open portion of a pickup is not entry of a vehicle under Nevada's burglary statute. It would seem that there is sufficient difference between

Nevada's burglary statute and Colorado's entry of a vehicle statute to distinguish the case. However, if the Nevada case is authority for the asserted proposition, we reject it. One observes from the cases selected in Annot., 79 A.L.R.2d 286 that not all courts agree with the *Smith* approach. It appears plain to us that, when defining the crime of entering "without breaking any motor vehicle," the General Assembly intended to include the box part, as well as the cab, of a pickup.

Judgment affirmed.

MR. JUSTICE HODGES not participating.