PER CURIAM
The defendant was convicted of burglary in the second degree.
At 2:00 a.m. one morning a man was observed inside the Floor Craft store in Colorado Springs. The police and the store owner were notified and found the defendant hiding among rows of carpeting. Two pry bars, which were not a part of the store’s equipment, were found near double doors at the back of the building. There was no evidence that the pry bars had been used. Two or three desks had been ransacked, but nothing had been taken. When apprehended the defendant was wearing black gloves. No finger prints were taken from the doors or pry bars.
The defendant testified along the following lines: He was at home in bed. At about 2:00 a.m. one of his friends came by and told him that the door was open at the Floor Craft store. He accompanied his friend to the store, so that his friend would stop bothering him about the matter. They entered the store by the front door. The friend went to the back of the store. The defendant went a short distance into the store and then returned to the front door.
The defendant’s testimony continues:
“That’s when I seen those people. My friend was in the back already and when I got back there, he left already and I looked outside, nobody was there. All of a sudden, a guy come around. I thought whether to take a chance running and then I figured I’d just stay because I didn’t do anything.”
 There are only two assignments of error, each without merit: (1) It was error to admit the pry bars in evidence; and *156 (2) the evidence was insufficient to support the verdict. It is apparent from the jury’s verdict' that it disbelieved the defendant. That being so, the evidence was entirely consistent with guilt and not consistent with innocence. Scott v. People, 179 Colo. 126, 498 P.2d 940 (1972).
Judgment affirmed.