## No. 25181

### The People of the State of Colorado v. Robert A. Bedwell
(506 P.2d 365)

Decided February 20, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Bedwell was found guilty by a jury of aggravated robbery. On this appeal, he urges reversal on the grounds that the trial court improperly admitted into evidence a tire iron, and also that the trial court wrongly

denied the defendant's motion for judgment of acquittal at the completion of the evidence. Neither of these contentions have merit and we therefore affirm.

Trial testimony revealed that two persons, one of whom was identified as the defendant, entered a service station and asked the operator for some change. As the operator unlocked the cash register, the defendant's accomplice struck him on the head with an instrument. The robbers then removed the money from the cash register. The wound on the back of the operator's head was approximately 1/2 inch wide and 4 to 6 inches long. Thirteen stitches were required to suture this wound.

No gun or other weapon was ever actually seen by the victim, but a tire iron was found next to the cash register. This tire iron, according to the testimony, did not belong to the service station and had not been seen in the service station prior to the robbery. No blood or identifiable fingerprints were found on the tire iron.

I.

The defendant's main contention for reversal is that the trial court committed reversible error in allowing this tire iron into evidence. The defendant argues that to convict an individual of aggravated robbery, there must be evidence of the existence of a dangerous weapon in the hands of the perpetrator of the crime who intended, if necessary, to use it. The defendant suggests that there was no clear showing from the evidence that this tire iron had any connection with the perpetrator of the crime, or with the crime, or with the victim, and therefore was inadmissible as a matter of law. The defendant's contention in this regard lacks any validity. In our view, the evidence justifies a reasonable inference that the tire iron was the instrument in the hands of the robber when the victim was struck. In addition to the circumstantial evidence that this tire iron had been brought into the service station at the time of the robbery, the nature of the wound on the back of the victim's head is also a circumstance which graphically suggests that an instrument, like a tire iron, had been used to strike the victim.

■ We have consistently held that an item of real evidence which is circumstantially connected with the perpetrator, or with the victim, or in some manner with the crime, is sufficient to establish its relevancy or materiality for the purpose of admitting it into evidence. *People v. Marques,* 180 Colo. 154, 503 P.2d 339 (1972); *Valdez v. District Court,* 171 Colo. 436, 467 P.2d 825 (1970); *Hampton v. People,* 171 Colo. 153, 465 P.2d 394 (1970); and *Washington v. People,* 158 Colo. 115, 405 P.2d 735 (1965).

In a similar fact situation, a jack handle was held to be admissible even though the victim did not see the weapon with which the defendant struck him. *People v. O'Bryan,* 36 App. Div. 2d 548, 317 N.Y.S. 2d 34 (1971).

II.

■ The defendant also states that the trial court improperly denied the defendant's motion for a judgment of acquittal on the ground that the evidence was insufficient to convict the defendant of aggravated robbery. In this regard, the defendant argues that even if the tire iron was properly admitted into evidence, the jury's verdict of guilty was without support in the record. It seems to be the defendant's argument that since the jury could give very little, if any, weight to the presence of the tire iron as an item of evidence, and since the victim saw no tire iron or other weapon, the inferences are strong that the wound on the victim's head could have been caused by striking a sharp object when falling to the ground after being hit by the defendant's accomplice. Our examination of the record reveals that such an inference on the part of the jury could not have been justified by any of the evidence. The record clearly reveals that the blow to the back of his head caused the victim to fall only to his knees. Thus, any probability that the wound on the back of the victim's head was caused by anything other than an instrument in the hands of one of the robbers is eliminated.

Judgment affirmed.