568 P.2d 61 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Gale WALTERS, Sharon Walters, and Lowell Behrendsen, Defendants-Appellants.
No. 75-859.
Colorado Court of Appeals, Division II.
March 10, 1977.
Rehearings Denied April 21, 1977.
Certiorari Denied July 11, August 15, 1977.
*63 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Lynne Ford, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Donald K. Smith, David M. Korrey, Sterling, for defendants-appellants Walters.
Rollie R. Rogers, Colorado State Public Defender, Forrest W. Lewis, Gene Beville, Deputy State Public Defenders, Denver, for defendant-appellant Behrendsen.
PIERCE, Judge.
This is an appeal from a jury verdict finding the defendants guilty of misdemeanor theft and first-degree criminal trespass. We affirm.
The defendants were charged with the theft of beer from the trailer of a semi-trailer truck owned by a distributor of alcoholic beverages. Prosecution witnesses testified that one of the defendants entered the cab of the truck while the driver was sleeping, and took the trailer keys from the ignition. They then allegedly unlocked the trailer and removed a number of cases of beer from it. Shortly thereafter, two of the defendants were observed in the vicinity of the alleged theft loading cases of beer into a pickup truck owned by one of the defendants. A police officer approached the truck and attempted to apprehend the defendants. However, they fled in the pickup. They were intercepted some distance away and were placed under arrest. No beer was found in the truck, but a number of cases of beer were found scattered in a field about 300 yards from where defendants were arrested. Later investigation revealed that a quantity of beer was missing from the victimized semi-trailer, although the amount discovered to be missing was greater than that found in the field.

I.
The principal allegation of error is that defendants were entitled to judgments of acquittal either following the People's opening statement or at the conclusion of trial. We disagree.
Acquittals were not warranted at the conclusion of the People's opening statement. The prosecutor identified the defendants as being three of four participants in the alleged crime, and then outlined the course of the alleged occurrences without further reference to the identity of the perpetrators. The jury was advised of the issues and of the underlying facts. Judgments of acquittal could not properly be entered under these circumstances. People v. Gomez, 131 Colo. 576, 283 P.2d 949 (1955), and see Mora v. People, 172 Colo. 261, 472 P.2d 142 (1970).
The defendants also question the sufficiency of the evidence. They first assert that there was an inadequate showing of complicity regarding the charged offenses. We disagree.
There was no direct evidence that each defendant was a knowing participant, but considerable circumstantial evidence was adduced to that end. The trial court found this to be sufficient, and we uphold its determination.
Upon motion for acquittal at the close of evidence, the question to be answered is whether all the evidence when viewed most favorably to the prosecution was substantial and sufficient to support a *64 rational conclusion of guilt beyond a reasonable doubt. People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973). Here there was substantial and sufficient evidence of the culpability of each of the defendants, including their requisite intent, and hence, the motions for acquittal were properly denied. People v. Bennett, supra; People v. Sorber, 179 Colo. 434, 501 P.2d 121 (1972).
Finally, the defendants urge in support of the asserted propriety of acquittal on the first degree criminal trespass charge that the evidence failed to demonstrate that the defendants had unlawfully entered "any motor vehicle with intent to steal anything of value." Section 18-4-502, C.R.S.1973. They contend that the semi-trailer was not a motor vehicle, or alternatively, that the keys stolen from the tractor unit were not shown to be valuable. These contentions are without merit.
Section 18-1-901(3)(k), C.R.S.1973, defines "motor vehicle" for the purposes of the criminal code as:
"any self-propelled device by which persons or property may be moved, carried, or transported from one place to another. . . ."
Defendants cite Pacific Intermountain Express Co. v. State Tax Commission, 8 Utah 2d 144, 329 P.2d 650 (1958), and Hayes Freight Lines v. Cheatham, 277 P.2d 664 (Okl.1954), in support of their argument that entry into the semi-trailer cannot be considered as entry into a motor vehicle. The People cite other cases such as State v. Schwartzmann Service, Inc., 225 Mo.App. 577, 40 S.W.2d 479 (1931), which reach the contrary conclusion. None of these cases, however, arose under statutes comparable to our criminal trespass statute. See also § 42-1-102(46), (70), and (85), C.R.S.1973. We must decide from the context of our criminal statutes alone whether the legislature intended to make the crime of first degree criminal trespass encompass unlawful entry into a semi-trailer for the purpose of theft. We conclude that such was its intention.
We agree with the People's argument that the subject vehicle, although composed of two separable parts, represents one commercial unit. Such a vehicle is more comparable to an ordinary motor vehicle than to enclosed real property. Compare § 18-4-502, with § 18-4-503, C.R.S. 1973. We therefore conclude that the legislature intended to include tractor-trailer units as "motor vehicles" for the purpose of criminal trespass. See People v. Romero, 179 Colo. 159, 499 P.2d 604 (1972); § 18-1-102(1)(c), C.R.S.1973. See also § 2-4-201, C.R.S.1973.

II.
The defendants next question the foundation for the admission of a photograph into evidence. The photograph depicted a large number of beer cans in disarray in a field. It was introduced following the testimony of one of the arresting officers concerning the circumstances surrounding the discovery of the can cache. There was no objection to the testimony, only to the introduction of the exhibit.
Contrary to the defense assertion, sufficient foundation for the admission of this photograph existed. See People v. Bedwell, 181 Colo. 20, 506 P.2d 365 (1973). Hence, we uphold the trial court's determination admitting the exhibit. People v. Sandoval, 172 Colo. 383, 473 P.2d 722 (1970).

III.
Defendants assert as error certain testimony alleged as hearsay. One of the arresting officers testified as to what another officer supposedly related to him regarding observed criminal conduct. Even if this testimony was inadmissible as hearsay, it was merely cumulative. Identical testimony was given by that other officer, who was subject to full cross-examination by the defense. Thus, reversible error did not occur. See Jorgensen v. People, 178 Colo. 8, 495 P.2d 1130 (1972).

IV.
Defendants also raise two contentions of error concerning the instructions.
*65 First, they challenge an instruction on complicity, see C.J.I.-Crim. 6:5, claiming that the evidence did not establish that any of the defendants aided, abetted, or advised another person in the commission of a criminal offense. The evidence was sufficient, however, to warrant the jury in concluding beyond a reasonable doubt that all of the defendants acted in complicity as to both charged offenses. See Whitman v. People, 161 Colo. 110, 420 P.2d 416 (1966).
Defendants also contend that the trial court should have submitted to the jury a tendered charge which is characterized on appeal as a "theory of the case" instruction. A defendant is entitled to an instruction on a theory of defense which has support in the evidence, no matter how unlikely the hypothesis of innocence therein presented. See People v. Moya, 182 Colo. 290, 512 P.2d 1155 (1973). Here, however, the tendered charge lacked any evidentiary basis and was argumentative in nature. Its refusal was proper. People v. Duran, 185 Colo. 359, 524 P.2d 296 (1974); Marn v. People, 175 Colo. 242, 486 P.2d 424 (1971).

V.
The final allegation of error urged by defendants concerns the allegedly improper closing argument by the prosecutor, and purportedly prejudicial remarks by the trial judge in its rulings on defense objections to the prosecutorial statements. Defendants did not move for mistrial, and made no request for any "curative" instructions in this regard. Rather, they only urged that these challenged remarks warranted the granting of defense motions for a new trial. No error was committed by the court in denying the motions for new trial.
The remarks by the prosecutor which defendants allege were in derogation of their right to remain silent do not warrant that characterization of their content. At most, the statements constituted references to the uncontradicted character of certain evidence, and hence, were permissible. People v. Todd, Colo., 538 P.2d 433 (1975). See also People v. Taylor, Colo., 545 P.2d 703 (1976).
Regarding the other challenged statement made by the prosecutor, we concur with the trial court's determination that the remark was elicited in response to a comment made by defendants' attorney in closing argument. See People v. Elliston, 181 Colo. 118, 508 P.2d 379 (1973). We also note that the challenged comment was not objectionable. Under these circumstances, retrial is not warranted. People v. Elliston, supra.
Finally, the defense asserts that new trials are mandated because of the content of several of the trial court's rulings on defense objections to the above prosecutorial remarks. The defendants argue that their rights were prejudiced by the court's procedure of explaining the rationale behind several of its rulings. Even if these comments were ill-advised, reversible error did not occur, McCune v. People, 179 Colo. 262, 499 P.2d 1184 (1972), and hence, denial of defense motions for a new trial was proper.
Judgment affirmed.
VAN CISE and KELLY, JJ., concur.