577 P.2d 305 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
William Gilbert BANUELOS, Defendant-Appellant.
No. 76-827.
Colorado Court of Appeals, Division II.
December 15, 1977.
Rehearing Denied January 26, 1978.
*306 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James E. Thompson, Lynne M. Ford, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Lee J. Belstock, Deputy State Public Defender, Denver, for defendant-appellant.
STERNBERG, Judge.
Defendant William Gilbert Banuelos appeals his conviction by a jury of first degree criminal trespass. Because the court did not give the jury a tendered instruction on the lesser non-included offense of second degree criminal tampering, we reverse.
At the trial the prosecution's witnesses testified that they saw Banuelos at the site of a pickup truck, that he appeared to be looking for something in the bed of the truck, and that a bicycle chained to a spare tire in the pickup bed was in a different position than when the owner had last seen it. There was also evidence that Banuelos was seen breaking a window in the cab of the truck.
Section 18-4-502, C.R.S.1973, provides in pertinent part that:
"A person commits the crime of first degree criminal trespass if he unlawfully. . . enters any motor vehicle with intent to steal anything of value."
Contrary to Banuelos' contention, the jury could properly infer from the description of his conduct and from the other circumstances of the case that he had the specific intent to steal the bicycle. See People v. Becker, 187 Colo. 344, 531 P.2d 386 (1975).
Banuelos, however, tendered an instruction on the offense of second degree criminal tampering. One is guilty of that offense "if he tampers with property of another, with intent to cause injury, inconvenience or annoyance . . . ." Section 18-4-506, C.R.S.1973.
A defendant is entitled to an instruction on a lesser non-included offense as his theory of the case if there is evidence to support this lesser charge. People v. Rivera, 186 Colo. 24, 525 P.2d 431 (1974). Here, the same evidence from which the jury could infer an intent to steal, and thus a violation of the first degree criminal trespass charge, would also support an inference that he merely intended to cause "injury, inconvenience or annoyance." If the jurors inferred the latter, they could have acquitted on the trespass charge. Hence, the tendered instruction on second degree criminal tampering should have been given.
*307 Because the issue will arise again on retrial, we address Banuelos' allegation that entry into the open bed of a pickup truck is not entry of "any motor vehicle" within the purview of the first degree criminal trespass statute. In People v. Romero, 179 Colo. 159, 499 P.2d 604 (1972), the Supreme Court rejected this contention under the statute then in effect, 1967 Perm.Supp., C.R.S.1963, 40-5-10(2). The amendments to the statute do not make the holding in Romero inapplicable to the amended law. We do not perceive a legislative intent to limit the definition of motor vehicle to its enclosed parts. See also § 18-1-901(3)(k), C.R.S.1973; People v. Walters, Colo.App., 568 P.2d 61 (1977). Consequently, we hold that by entering the open portion of a pickup truck, one "enters [a] motor vehicle" as that phrase is used in § 18-4-502, C.R.S.1973.
Judgment reversed and cause remanded for a new trial.
ENOCH and SMITH, JJ., concur.