The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

James Vincent JIMINEZ, Defendant-Appellee.

No. 82SA11.

Supreme Court of Colorado, En Banc.

Sept. 27, 1982.

Nolan L. Brown, Dist. Atty., Steve A. Jones, Deputy Dist. Atty., Golden, for plaintiff-appellant.

No appearance for defendant-appellee.

LOHR, Justice.

The district attorney appeals from a judgment of the Jefferson County District Court dismissing charges of second degree burglary and felony theft against the defendant, James Vincent Jiminez, following a preliminary hearing. We reverse.

The People filed a direct criminal information against the juvenile defendant, charging burglary of a dwelling, section 18–4–203, C.R.S.1973 (1978 Repl. Vol. 8) (a class 3 felony), and theft of a bicycle having a value of $200 or more but less than $10,000, section 18–4–401, C.R.S.1973 (1978 Repl. Vol. 8) (a class 4 felony). The jurisdictional basis for filing criminal charges was section 19–1–104(4)(b)(II), C.R.S.1973 (1978 Repl. Vol. 8), which authorizes the filing of charges against a juvenile when

the crime is a class 2 or 3 felony and other specified criteria are met.[1]

At the defendant's request a preliminary hearing was held. The People presented evidence that the defendant had entered the open garage attached to the residence of Tom Tanguma, had taken Tanguma's bicycle valued at $275 from the garage, and had ridden off on the bicycle, all without permission from Tanguma. The bicycle was not recovered. The court ruled that the proof did not establish that the garage was a dwelling within the meaning of section 18–4–203, so the burglary was only a class 4 felony. Because no class 3 felony remained to support the court's jurisdiction under section 19–1–104(4)(b)(II), the court dismissed both charges with leave to refile in juvenile court. The district attorney then appealed.

## I.

The pivotal question on this appeal is whether a garage attached to a residence is part of a dwelling within the meaning of section 18–4–203. We hold that it is. The burglary statute provides, in relevant part:

A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property.

Second degree burglary is a class 4 felony, but if it is a burglary of a dwelling, it is a class 3 felony.[2]

Section 18–4–203(1) and (2), C.R.S.1973 (1978 Repl. Vol. 8). "Dwelling" is defined in section 18–1–901(3)(g), C.R.S.1973 (1978 Repl. Vol. 8) as follows:

"Dwelling" means a building which is used, intended to be used, or usually used by a person for habitation.

Completing the relevant statutory definitions, "building" is defined in section 18–4–101(1), C.R.S.1973 (1978 Repl. Vol. 8) as follows:

"Building" means a structure which has the capacity to contain, and is designed for the shelter of, man, animals, or property, and includes a ship, trailer, sleeping car, airplane, or other vehicle or place adapted for overnight accommodations of persons or animals, or for carrying on of business therein, whether or not a person or animal is actually present.

The statutory definition of dwelling comprehends an entire building. There is no room in the language of that clearly worded statute to exclude from the meaning of dwelling those parts of a residence that are not "usually used by a person for habitation." Moreover, at least some of the usual uses of a residential garage, including storage of household items, are incidental to and part of the habitation uses of the residence itself. *Cf. People v. Romero,* 179 Colo. 159, 499 P.2d 604 (1972) (entry into the "truck part" of a pickup truck is entry of a "motor vehicle" within the purview of 1967 Perm.Supp., C.R.S.1963, 40–5–10(2)); *People v. Banuelos,* 40 Colo.App. 267, 577 P.2d 305 (1977) (entry into the open bed of a pickup truck is entry of a "motor vehicle" within the meaning of the first degree criminal trespass statute, section 18–4–502, C.R.S.1973); *People v. Walters,* 39 Colo. App. 119, 568 P.2d 61 (1977) (entry into the trailer of a two-part, separable semi-trailer is entry of a "motor vehicle" within the meaning of section 18–4–502).

---

1. Section 19–1–104(4) provides in relevant part:

    (b) A child may be charged with the commission of a felony ... when the child is:

        *      *      *      *      *      *

    (II) Alleged to have committed a crime defined by section 18–1–105, C.R.S. 1973, as a class 2 or a class 3 felony or a nonclassified felony punishable by a maximum punishment of life imprisonment or death, except those felonies defined by section 18–3–403(1)(e), C.R.S. 1973, and is sixteen years of age or older, and the child has been adjudicated a delinquent child within the previous two years and the act for which the child was adjudicated a delinquent would have constituted a felony if committed by an adult....

2. Section 18–4–203(2) was amended in 1981, subsequent to the events on which this prosecution is based, without any substantial change in the portions relevant here. *See* section 18–4–203(2), C.R.S. 1973 (1978 Repl. Vol. 8) (1981 Supp.).

At the preliminary hearing the evidence was uncontroverted that the $275 bicycle was taken by the defendant without permission from the garage attached to the Tanguma residence. This established probable cause to believe that the defendant had committed the charged crimes of felony theft and burglary of a dwelling. The trial court erred, therefore, in dismissing those charges.

## II.

 The People argue that the felony theft charge, a class 4 felony, may also be maintained against the defendant because the facts upon which the charge is based are interwoven with those supporting the charge of burglary of a dwelling. Although the trial court's erroneous dismissal of the burglary charge made it unnecessary for it to consider this question, the issue will necessarily arise in further proceedings and we choose to address it.

Section 19–1–104(4)(b)(II) limits the criminal charges that can be filed against a juvenile under its jurisdictional authorization to class 2 and 3 felonies. Section 18–1–408(2), C.R.S. 1973 (1978 Repl. Vol. 8) requires that all charges arising out of the same act or series of acts be brought in a single prosecution. It provides:

If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

It would be inconsistent with the spirit, if not the literal language, of that statute to permit the People to prosecute the defendant for a class 3 felony charge in a criminal action and to proceed independently against the defendant on a delinquency petition in juvenile court when both charges are based on the same act or series of acts. Accord-

ingly, we hold that when a court has jurisdiction to entertain criminal proceedings against a juvenile under section 19–1–104(4)(b)(II) any additional charges arising out of the same act or series of acts can and must be prosecuted in that same action even though they do not rise to the seriousness of class 3 felonies.

We reverse the judgment of the trial court and remand the case to that court for reinstatement of the charges against the defendant and for further proceedings consistent with this opinion.