The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gary Lester ANNAN, Defendant-Appellant.

No. 82CA0424.

Colorado Court of Appeals, Div. I.

Feb. 3, 1983.

Rehearing Denied March 10, 1983.

Certiorari Denied June 13, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Dolores S. Atencio, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Office of Harry J. Holmes, Hal D. Blacker, Longmont, for defendant-appellant.

COYTE, Judge.

On the basis of alleged errors in the jury instructions and in the admission of rebuttal evidence, defendant, Gary Lester Annan, appeals his conviction for assault in the second degree against a peace officer under § 18–3–203(1)(c), C.R.S.1973 (1978 Repl.Vol. 8). We reverse on the basis of the errors in the jury instructions.

Defendant Annan was charged in connection with an assault on James M. Amaya, a peace officer with the Colorado State Patrol. Officer Amaya testified that the assault occurred as he was attempting to handcuff defendant after placing him under arrest for driving under the influence of intoxicating liquor. The officer admitted that a flashlight he was holding may have touched defendant as the officer was turning him around for the purpose of handcuffing him. However, he denied ever intentionally striking the defendant with it. Officer Amaya claimed, after the flashlight touched defendant, defendant pushed him and a struggle ensued in which defendant struck the officer in the cheek and ribs and attempted to choke the officer by pulling the zipper of his coat tight around his neck.

Defendant testified that at the time he was being handcuffed he questioned the officer about being able to drive his car from its location at the scene of the traffic stop in order to avoid having to pay towing charges. He claimed that Officer Amaya said nothing and struck him three times with the butt end of a flashlight. Defendant stated that he probably did push the officer after being hit with the flashlight; that his forearm struck the officer's cheek when he attempted to prevent the officer from lunging at him; and that he pulled the officer's coat over the officer's head in an attempt to prevent the officer from striking him again.

Defendant requested the trial court to instruct the jury on the offense of third-degree assault, § 18–3–204, C.R.S.1973 (1978 Repl.Vol. 8), as a lesser included offense as well as the lesser non-included offense of resisting arrest, § 18–8–103(1), C.R.S.1973 (1982 Cum.Supp.). Defendant argues that the trial court's refusal to give both of these requested instructions was error. We agree.

■ A lesser offense is deemed to be a lesser included offense of a greater offense if the establishment of the essential elements of the greater offense as defined by statute necessarily establishes all of the elements required by statute to prove the lesser. *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974). The trial court is required to give a requested lesser included offense instruction if there is some evidence, however slight, tending to establish the lesser included offense, and there is a rational basis upon which the jury may acquit the defendant of the greater offense but convict him of the lesser offense. *People v. Shaw*, 646 P.2d 375 (Colo.1982); *People v. Naranjo*, 200 Colo. 1, 612 P.2d 1099 (1980); § 18–1–408(6), C.R.S.1973 (1978 Repl.Vol. 8).

■ A theory of the case instruction which instructs the jury as to a lesser non-included offense and which permits the jury to find the defendant not guilty of the principal charge but guilty of the lesser non-included charge must be given when requested by the defendant if it is sup-

ported by the evidence. *People v. Rivera, supra; People v. Banuelos,* 40 Colo.App. 267, 577 P.2d 305 (1978).

As stated in § 18–3–203(1)(c), C.R.S.1973 (1978 Repl.Vol. 8), the crime of assault in the second degree is committed if a person:

"With intent to prevent one whom he knows, or should know, to be a peace officer or a fireman from performing a lawful duty, he intentionally causes bodily injury to any person."

As pertinent here, the offense of assault in the third degree is defined in § 18–3–204, C.R.S.1973 (1978 Repl.Vol. 8) as follows:

"A person commits the crime of assault in the third degree if he knowingly or recklessly causes bodily injury to another person . . . ."

■ Applying the statutory test stated above, we conclude that the offense of assault in the third degree is a lesser included offense of assault in the second degree upon a peace officer. The mental states of knowingly or recklessly are necessarily established if the mental state of intentionally is shown to be present. *See* § 18–1–503(3), C.R.S.1973 (1978 Repl.Vol. 8). And, the element of causing bodily injury to the person of another is the same for both offenses. *See People v. Plotner,* 188 Colo. 297, 534 P.2d 791 (1975). Thus, proof of the elements of second degree assault on a peace officer necessarily proves the elements of third degree assault.

■ Under the circumstances, here there was a rational basis upon which the jury could have acquitted the defendant of the greater offense of assault in the second degree on a peace officer but convicted him of third degree assault. Accordingly, the trial court erred in failing to give defendant's requested instruction on the lesser included offense of third-degree assault.

Furthermore, this same evidence supports the conclusion that the defendant was guilty of the lesser non-included offense of resisting arrest in that he knowingly prevented or attempted to prevent Officer Amaya from effecting an arrest by using or threatening to use physical force or violence against the peace officer. *See* § 18–8–103(1), C.R.S.1973 (1982 Cum.Supp.). Defendant's own testimony established that he used physical force against the person of a peace officer who was in uniform at a time when the officer was attempting to place him under arrest. Therefore, the trial court erred in refusing to give defendant's requested theory of the defense instruction as to the lesser non-included charge of resisting arrest.

Defendant's final contention is that the trial court erred in allowing the prosecution to present certain rebuttal evidence. Since this alleged error is not likely to re-occur upon re-trial, we choose not to address this issue.

The judgment is reversed and the cause is remanded for a new trial.

BERMAN and STERNBERG, JJ., concur.