# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2010

Lyle W. Cayce
Clerk

No. 09-50061

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

NOEL PORTILLO-COVOS, also known as Noel Cobos-Portillo

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2696

Before JOLLY and DENNIS, Circuit Judges, and BOYLE, District Judge.[*]

PER CURIAM:[**]

Defendant Noel Portillo-Covos pleaded guilty to a single count of illegal reentry in violation of 8 U.S.C. § 1326. The district court sentenced him to 34 months imprisonment followed by a three-year term of supervised release. This sentence was at the middle of the advisory Sentencing Guidelines range of 30 to 37 months imprisonment, which the district court calculated by applying an eight-level enhancement to Portillo-Covos's base offense level pursuant to

---

[*] District Judge, Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50061

U.S.S.G. § 2L1.2(b)(1)(C) because he was previously deported after having been convicted of an aggravated felony, *viz.*, a 2006 Colorado conviction for "trespass of an automobile" in violation of Colo. Rev. Stat. § 18-4-502.[1] On appeal, Portillo-Covos argues only that the district court erred in concluding that the trespass of an automobile offense is an aggravated felony under U.S.S.G § 2L1.2(b)(1)(C). We agree, and therefore vacate Portillo-Covos's sentence and remand this case to the district court for resentencing.

## I. BACKGROUND

Portillo-Covos pleaded guilty without the benefit of a plea agreement to a single count of illegal reentry, in violation of 8 U.S.C. § 1326. The presentence report (PSR) applied a base offense level of eight, to which it added an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) because the defendant was previously removed after having committed an aggravated felony. Specifically, the PSR found that the defendant had been removed for a 2006 conviction in Colorado state court for violating that state's "trespass of an automobile" offense, Colo. Rev. Stat. § 18-4-502. The PSR concluded that this offense was an "aggravated felony" under the Guidelines. Using this enhancement and an adjustment for acceptance of responsibility, the PSR calculated a total offense level of 13, which, considered with his criminal history category of V, yielded an advisory Guidelines range of 30 to 37 months imprisonment.[2] Portillo-Covos objected to the PSR's application of the aggravated felony enhancement, which the district court overruled. The district court sentenced Portillo-Covos to 34

---

[1] "A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another or if such person enters any motor vehicle with intent to commit a crime therein." Colo. Rev. Stat. § 18-4-502.

[2] Absent the eight-level enhancement, Portillo-Covos's total offense level would have been only 5, yielding an advisory Guidelines range of 6 to 12 months imprisonment.

No. 09-50061

months imprisonment and a three-year term of supervised release. Portillo-Covos timely appealed.

## II. STANDARD OF REVIEW

"We review the district court's interpretation and application of the Sentencing Guidelines *de novo*, and its factual determinations for clear error." *United States v. Jimenez*, 509 F.3d 682, 693 (5th Cir. 2007). When sentencing a defendant, the district court "must first calculate the Guidelines range and consider the appropriateness of a sentence within that sentencing range to fulfill its duty to consider the Sentencing Guidelines as advisory and as a frame of reference." *United States v. Tzep-Mejia*, 461 F.3d 522, 525 (5th Cir. 2006). "This first step ordinarily requires that the defendant court determine a *properly* calculated Guideline sentence. If the district court makes an error in an application of the Guidelines, we vacate the resulting sentence without reaching the sentence's ultimate reasonableness." *Id.* at 526.

## III. DISCUSSION

The Guidelines call for an eight-level increase to the base offense level "[i]f the defendant previously deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony." U.S.S.G. § 2L1.2(b)(1)(C). "Aggravated felony" for purposes of the enhancement is defined by reference to the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2, comment. (n.3(A)). As relevant to this case, § 1101(a)(43) defines an "aggravated felony" to mean "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(F).[3] Section 16, Title

---

[3] Section 1101(a)(43)(G) also defines an aggravated felony as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year." The Government concedes that the Colorado trespass of an automobile offense is neither a "theft offense" nor a "burglary offense."

3

18 in turn defines a "crime of violence" as "(a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in committing the offense." 18 U.S.C. § 16. The parties dispute only whether the Colorado offense is a "crime of violence" under § 16(b).

This court applies a "categorical approach" to determine whether a conviction qualifies as an crime of violence under § 16(b). *See United States v. Medina-Anicacio*, 325 F.3d 638, 644-45 (5th Cir. 2003); *United States v. Diaz-Diaz*, 327 F.3d 410, 413 (5th Cir. 2003); *United States v. Chapa-Garza*, 243 F.3d 921, 924-27 (5th Cir. 2001). Under the categorical approach, "the particular facts of the defendant's prior conviction do not matter, e.g., whether the defendant actually did use force against the person or property of another to commit the offense." *Chapa-Garza*, 243 F.3d at 924. Rather, the categorical approach involves a two-step analysis. First, the court determines whether a particular defined offense, in the abstract, is a crime of violence under § 16(b). Second, the offense, in the abstract, must present the substantial likelihood that the offender will intentionally employ force against the person or property of another in order to effectuate the commission of the offense. *Diaz-Diaz*, 327 F.3d at 413; *Chapa-Garza*, 243 F.3d at 924, 927.

Because the Colorado statute of conviction criminalizes alternative methods of commission (*i.e.*, criminal trespass of a dwelling, in addition to criminal trespass of a motor vehicle), the court "may look to charging papers to see which of the various statutory alternatives are involved in the particular case." *United States v. Calderon-Pena*, 383 F.3d 254, 258 (5th Cir. 2004) (en banc). The charging papers in this case show that Portillo-Covos was convicted of criminal trespass of an automobile with the intent to commit a felony therein.

We hold that the the Colorado trespass of an automobile offense is not a crime of violence under § 16(b). As the Supreme Court has held, section 16(b) covers only "offenses that naturally involve a person acting in disregard that physical force might be used against another in committing a crime." *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004). An offender may, in an ordinary case, commit the trespass of an automobile offense without any likelihood of employing intentional force against the person or property of another. To commit the offense, the defendant does not need to enter the motor vehicle unlawfully, or even with knowledge that it belongs to someone else. Rather, as to trespass of a motor vehicle, "a conviction . . . requires only proof that a person entered a motor vehicle . . . with intent to commit a crime therein." *People v. Anderson*, 991 P.2d 319, 321 (Colo. Ct. App. 1999).[4] The Colorado statute does not require that the defendant use *any* force to enter the vehicle. In *People v. Banuelos*, 577 P.2d 305 (Colo. Ct. App. 1977), the Colorado Court of Appeals affirmed a conviction for trespass of an automobile where the defendant only entered "into the bed of an open pickup truck." *Id.* at 307. Thus, under Colorado law, entering into the open bed of the motor vehicle satisfies the "entry" requirement of the statute. Of course, it is possible that a person may unlawfully enter another's motor vehicle using intentional force (*e.g.,* breaking a window to gain entry into a locked vehicle), or that an injury may occur to a person (*e.g.,* if the perpetrator gains entry by carjacking the occupant), but the commission of the offense does not necessarily present a risk of force. *See Leocal,* 543 U.S. at 10 ("The reckless disregard in § 16 relates *not* to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical

---

[4] Thus, as used in the statute, the phrase "knowingly and unlawfully enters" applies only to the trespass of a dwelling. *See Anderson*, 991 P.2d at 321.

force against another might be required to commit the crime.").[5]   Accordingly, Colorado's offense of trespass of an automobile is not a crime of violence under § 16(b).

## IV.  CONCLUSION

Because the district court erred in treating Colorado's trespass of an automobile offense as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C), resulting in an improperly calculated Guidelines range, we VACATE Portillo-Covos's sentence and REMAND this case to the district court for resentencing.

---

[5] The Government relies heavily on *United States v. Delgado-Enriquez*, 188 F.3d 592 (5th Cir. 1999), in which we held that Colo. Rev. Stat. § 18-4-502, as it relates to dwellings, is a crime of violence under § 16(b).  *Delgado-Enriquez* is inapplicable for two reasons.  First, that case dealt with a different portion of the statute of conviction and the unlawful entry into a dwelling poses a substantially higher risk that physical force will be used than unlawful entry into a motor vehicle.  *See James v. United States*, 550 U.S. 192, 203 (2007) (discussing the risk of violence inherent in burglary of a dwelling offenses).  Second, *Delgado-Enriquez* relied, at least in part, on now-overruled precedent, namely our case law holding that unauthorized use of a motor vehicle was a crime of violence.  *See Delgado-Enriquez*, 188 F.3d at 595 (citing *United States v. Galvan-Rodriguez*, 169 F.3d 217 (5th Cir. 1999), overruled by *United States v. Armendariz-Moreno*, 571 F.3d 490 (5th Cir. 2009)).