**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Oscar LUCK, Defendant-Appellant.**

**No. 20966.**

United States Court of Appeals,
Sixth Circuit.

Sept. 21, 1971.

**1334**

Henry R. Barksdale, of Barksdale, Tucker & Worley, Pensacola, Fla., and Arthur L. Brooks, Jr., Lexington, Ky., for defendant-appellant.

J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before PECK, MILLER and KENT, Circuit Judges.

KENT, Circuit Judge.

Defendant-appellant, hereinafter referred to as "defendant", appeals from his conviction and sentence for the crime of bank robbery in violation of 18 U.S.C. § 2113(a) (d). The relevant facts are as follows:

On June 23, 1969, the American National Bank, Newport Shopping Center Branch, Newport, Kentucky, was robbed of $98,949.73 by two male persons. There were 11 eyewitnesses. Shortly after the robbery the witnesses, including Mary Meyers, were shown photographs and asked to identify the individuals who robbed the bank. Louie Moore was positively identified as one of the robbers. The defendant was not identified by any witness although his photograph was included in those exhibited to the witnesses

On September 15, 1969, the defendant and Louie Moore were jointly indicted for the bank robbery. On January 13, 1970, approximately seven months after the robbery, defendant was arrested in Fultondale, Alabama, as he left the housetrailer of Louie Moore. Moore was also arrested. The trial of Moore was scheduled to commence on January 27, 1970, and the eleven eyewitnesses, several of whom had previously made positive identification of Moore, were seated in the courtroom. Prior to the commencement of Moore's trial the defendant was brought into the courtroom for arraignment, during which time each of the eleven witnesses had an opportunity to closely observe the defendant and listen to the reading of the indictment. The defendant was not represented by counsel at the time of this arraignment.

On March 16, 1970, the defendant filed a motion for suppression of any identification by any eyewitness who had been present in the courtroom on January 27, 1970. The motion was denied without an evidentiary hearing. The motion for suppression of identification testimony was subsequently renewed and on June 1, 1970, the date defendant's trial was scheduled to commence, a hearing was held on the renewal of the motion to suppress any identification testimony. Each of the eleven eyewitnesses was placed upon the witness stand and interrogated as to any

ability to identify the defendant in this case, who was then in the courtroom. None of the witnesses could identify the defendant and only three stated that the defendant "resembled" the person who had been in Louie Moore's company at the time of the robbery. The trial court denied the motion to suppress identification testimony by any of the witnesses who had been called to the witness stand.

On the following day, June 2, 1970, the trial of this defendant commenced before a jury and one eyewitness, Mary Meyers, who until that time had been unable to identify the defendant from a photograph or in person, made a positive identification in the presence of the jury. Four other witnesses testified that the defendant "resembled" one of the perpetrators of the robbery. The defendant was convicted and sentenced to a 20-year prison term from which conviction and sentence he brings this appeal.

In his appeal the defendant alleges as error several aspects of the trial, including his identification by the witness Meyers. We are not given any reason why there was not a "lineup" conducted in an effort to determine whether the eyewitnesses could identify this defendant before the witnesses were permitted in the courtroom for defendant's arraignment. The Government could have readily excluded the eyewitnesses from the courtroom during the defendant's arraignment, and no reason is given for the failure to do so. Even after the defendant was exhibited to the eyewitnesses during the course of his arraignment none of the witnesses were able to identify him during the hearing on June 1, 1970. While all of the circumstances attendant on such exhibition .of the defendant at the time of the arraignment were available to defense counsel for cross-examination of the witness Meyers, such identification could be a basis for exclusion of the testimony under the decision of the United States Supreme Court in United States v. Wade, 388 U. S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149

(1967). As stated by Mr. Justice Brennan in Stovall v. Denno (1967), 388 U. S. 293, at pages 298, 299, 87 S.Ct. 1967, at page 1970, 18 L.Ed.2d 1199:

"We have outlined in *Wade* the dangers and unfairness inherent in confrontations for identification. The possibility of unfairness at that point is great, both because of the manner in which confrontations are frequently conducted, and because of the likelihood that the accused will often be precluded from reconstructing what occurred and thereby from obtaining a full hearing on the identification issue at trial. The presence of counsel will significantly promote fairness at the confrontation and a full hearing at trial on the issue of identification. We have, therefore, concluded that the confrontation is a "critical stage," and that counsel is required at all confrontations. It must be recognized, however, that, unlike cases in which counsel is absent at trial or on appeal, it may confidently be assumed that confrontations for identification can be and often have been conducted in the absence of counsel with scrupulous fairness and without prejudice to the accused at trial. Therefore, while we feel that the exclusionary rules set forth in *Wade* and *Gilbert* are justified by the need to assure the integrity and reliability of our system of justice, they undoubtedly will affect cases in which no unfairness will be present. Of course, we should also assume there have been injustices in the past which could have been averted by having counsel present at the confrontation for identification, just as there are injustices when counsel is absent at trial. But the certainty and frequency with which we can say in the confrontation cases that no injustice occurred differs greatly enough from the cases involving absence of counsel at trial or on appeal to justify treating the situations as different in kind for the purpose of retroactive application, especially in light of the strong countervailing interests outlined be-

low, and because it remains open to all persons to allege and prove, as Stovall attempts to do in this case, that the confrontation resulted in such unfairness that it infringed his right to due process of law. See Palmer v. Peyton, 359 F.2d 199 (C.A. 4th Cir. 1966)."

It appears obvious to this Court that the exhibition of the defendant to the eyewitnesses during the course of his arraignment and immediately prior to the trial of Moore, as being the individual who with Moore had robbed the bank, was clearly a violation of the rules laid down by the Supreme Court in *Stovall* and *Wade, supra.*

United States v. Black, 412 F.2d 687 (6th Cir., 1969), is readily distinguishable because at the time the key identification witness was present at a pretrial hearing the accused was represented by counsel. The case of Pettett v. United States, 434 F.2d 105 (6th Cir., 1970), also involved the issue of the presence of eyewitnesses at the defendant's arraignment. Again the case is readily distinguishable because in *Pettett* the defendant had been positively identified by five eyewitnesses prior to arraignment and one of these witnesses did not attend the arraignment. There was also substantial evidence to support the verdict.

In the instant case the defendant's picture was exhibited to each of the eyewitnesses after the robbery, together with pictures of other persons. No witness identified the defendant as having been involved in the robbery. All of the eyewitnesses were in the *courtroom* at the time this defendant was arraigned on the charge of participating with Moore in the robbery of the bank. After the arraignment no eyewitness was able to identify the defendant as having been involved in the robbery. On the day preceding the trial each of the eyewitnesses, including the witness Meyers, was called to the witness stand for the purpose of giving testimony as to any ability to identify the defendant, who was present in the courtroom, as having been involved in the robbery in question.

Not one of the eyewitnesses could identify the defendant. On the day of the trial the witness Meyers positively identified the defendant and explained her change of testimony by stating that after the hearing on the previous day she observed the defendant's profile. She testified that at the time of the robbery she had seen the profile of the man who was with Moore. On cross-examination it developed that, admittedly, she had observed the defendant in profile at the time of his arraignment and was unable to identify him at that time or at the time of the hearing on the day before the commencement of trial. On two occasions this defendant was exhibited to the eyewitnesses as one of the two persons who committed the robbery of the bank, at the time of arraignment and at the time of the hearing the day before the trial, and none could identify him.

The Supreme Court of the United States, reviewing the effect of such procedure upon identification testimony, stated in Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969):

> "The suggestive elements in this identification procedure made it all but inevitable that David would identify petitioner whether or not he was in fact 'the man.' In effect the police repeatedly said to the witness 'This is the man.' See Biggers v. Tennessee, 390 U.S. 404, 407, 88 S.Ct. 979, 980, 19 L.Ed.2d 1267 (dissenting opinion). This procedure so undermined the reliability of the eyewitness identification as to violate due process." p. 443, 89 S.Ct. p. 1129.

There is nothing in this record to show that the witness Meyers had any independent foundation for her identification of this defendant. It does not appear to this Court that any purpose would be served by remanding the case to the trial court for a determination of this issue. The only other testimony relative to identification was that of those witnesses who testified that the defendant "resembled" one of the robbers.

As stated by the Court of Appeals for the Fifth Circuit in Hendrix v. United States (5th Cir., 1964), 327 F.2d 971, at 974:

"While questions of identity are ordinarily for the jury and testimony as to identity need not be positive and certain * * * there must be something more than the testimony of a resemblance * * *."

See also Alexander v. United States, 354 F.2d 59, 63 (5th Cir., 1965).

█ Since we are satisfied that the in court identification by Meyers should have been suppressed, and that there was no other identification testimony sufficient to submit the issue to the jury, we are confronted with the issue as to the appropriateness of remanding the case for a new trial. In determining whether there was sufficient evidence to sustain a jury verdict of guilty the evidence must be viewed in the light most favorable to the Government. Battjes v. United States, 172 F.2d 1 (6th Cir., 1949); United States v. Releford, 352 F.2d 36 (6th Cir., 1965); United States v. Milby, 400 F.2d 702 (6th Cir., 1968).

In this case there was no evidence to connect the defendant with the bank robbery, except the testimony of the witness Meyers and the testimony of those witnesses who said this defendant "resembled" one of the robbers.

This Court, therefore, concludes that the trial court should have suppressed all identification testimony after the hearing on June 1, 1970. Under the "totality" of the circumstances no eyewitnesses should have been permitted to identify this defendant as one of the robbers and to permit such testimony was a denial of due process. Because there was no other substantial evidence to support the conviction the judgment of conviction is reversed and the case is remanded to the trial court for entry of a judgment of acquittal.