**No. 25650**

**The People of the State of Colorado v. Henry E. Schlepp**
(518 P.2d 824)

Decided January 21, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Albert T. Frantz, Jay G. Colby, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Henry E. Schlepp and James Russell Corwin were jointly charged with feloniously dispensing dangerous drugs (1969 Perm. Supp., C.R.S. 1963, 48-8-2(2)). Corwin plead guilty to the charge. Schlepp was tried and convicted by a jury. The

only evidence which the prosecution produced to convict Schlepp was provided by undercover police agents who testified as to declarations which Corwin made to them out of the presence of the defendant Schlepp. On appeal, the defendant Schlepp has asserted that the trial judge should have granted his motion for a judgment of acquittal which was made at the close of the prosecution's case. We do not agree and affirm.

## I.
## The Facts

The factual montage which lies behind the charge is not disputed. The evidence which links Schlepp to the crime is to be found in the statements that Corwin made to the undercover agents and the visual observations of the undercover agents.

Schlepp had no contact with the undercover agents and did not talk to them at any time. Corwin was the person who negotiated with the agents and agreed to sell a quantity of amphetamines for a particular price. When the agents arrived at a bar which Corwin selected, he told them that his source had not arrived yet. At Corwin's suggestion, the undercover agents waited. Subsequently, the agents saw Schlepp enter and observed Corwin and Schlepp together at the bar. After Corwin had a brief conversation with Schlepp at the bar, he left Schlepp and came back to the table where the agents were seated. At that time, Corwin told the agents that the person who was providing the amphetamines had arrived but had increased his price from $14 to $16. The agents agreed to the increased price, and Corwin went back to the bar and joined Schlepp. The agents then saw Schlepp remove something from his pocket and hand it to Corwin, who put the package in his pocket. Immediately thereafter, Corwin returned to the agents' table and produced the amphetamines from his pocket and was paid $16. After the agents paid Corwin, Corwin took the money to Schlepp and gave it to him.

## II.
## Sufficiency of the Evidence

■ To determine whether the evidence was sufficient to sustain the jury's verdict, we must view the evidence in the light most favorable to the prosecution and then must rule whether there is substantial evidence to support the verdict. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). The sufficiency of the evidence in this case hinges on whether there was proof, apart from Corwin's statements to the undercover agents, which would establish a concert of action or a joint participation by Corwin and Schlepp in the commission of the crime.

After the undercover agents observed Schlepp hand a package to Corwin, which was later delivered to them, and found to be amphetamines, joint participation was established, and Corwin's declarations to the undercover agents became admissible against Schlepp. *Smaldone v. People,* 103 Colo. 498, 88 P.2d 103 (1939); *Kolkman v. People,* 89 Colo. 8, 300 P. 575 (1931).

■ The exception to the hearsay rule which comes into play in this case was well stated in *United States v. Talbot,* 470 F.2d 158 (6th Cir. 1972), where the United States Court of Appeals for the Sixth Circuit said:

"[E]xtra judicial declarations by a codefendant outside the presence of the defendant are admissible on the theory that the declarant is an agent of his confederate. United States v. Accardi, 342 F.2d 697, 700 (2nd Cir. 1965); United States v. Williams, 435 F.2d 642, 645 (9th Cir. 1970); Hitchman Coal and Coke Co. v. Mitchell, 245 U.S. 229, 249, 38 S.Ct. 65, 72, 62 L.Ed. 260, 276 (1917); and United States v. Olweiss, 138 F.2d 798, 800 (2nd Cir., 1943), certiorari denied, 321 U.S. 744, 64 S.Ct. 483, 88 L.Ed. 1047 (1943).

"The rule was best expressed in Hitchman Coal and Coke Co. v. Mitchell, *supra.* The Supreme Court, in deciding a civil suit with a similar factual situation, stated:

" 'The rule of evidence is commonly applied in criminal cases, but is of general operation; indeed, it originated in the law of partnership. It depends upon the principle that when any number of persons associate themselves together in the prosecution of a common plan or enterprise, lawful or

unlawful, from the very act of association there arises a kind of partnership, each member being constituted the agent of all, so that the act or declaration of one, in furtherance of the common object, is the act of all, and is admissible as primary and original evidence against them.'

"Clearly, such admissions are admissible into evidence as standard exceptions to the hearsay rule and are competent to prove guilt of a substantive crime."

Receipt of Corwin's extra-judicial statements as proof was conditional. The prosecution had to establish by proof aliunde a concert of action between the defendants as a condition precedent to the admission of the extrajudicial declarations of a codefendant. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Santos,* 385 F.2d 43 (7th Cir. 1967); *Kay v. United States,* 421 F.2d 1007 (9th Cir. 1970); and *United States v. Williams,* 435 F.2d 642 (9th Cir. 1970). This evidence may be either direct or circumstantial. *United States v. Santos, supra.*

In this case, the evidence was largely circumstantial. The evidence was sufficient to show that Schlepp and Corwin participated jointly in the commission of the crime and were acting in concert.

Judgment affirmed.