The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Larry Wayne BEST,
Defendant-Appellant.

No. 81CAO 508.

Colorado Court of Appeals,
Div. III.

March 31, 1983.

Rehearing Denied April 29, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Jeffrey Weinman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Larry Wayne Best, appeals his jury convictions of aggravated robbery, second degree kidnapping, and violent crime. We reverse.

The record reveals the following facts. On September 12, 1980, the owner of a Golden, Colorado, restaurant was robbed and kidnapped by two individuals.

At trial, the owner identified defendant as one of the offenders. Upon being asked by the prosecution whether he had seen a photograph of defendant prior to trial, the owner answered, "No." Other evidence established, however, that ten days after the incident a police officer showed the owner a photographic array containing a picture of defendant, and that the owner had failed to identify the defendant at that time. On cross-examination, the owner testified that at the commencement of the trial the prosecuting attorney had asked him to enter the courtroom during voir dire proceedings to see if he could recognize "the fellow that robbed" him, and that after complying with the request, he concluded that defendant was one of the perpetrators.

At the conclusion of the owner's testimony, defendant moved for an order suppressing the in-court identification, dismissing the charges, or declaring a mistrial.

A hearing was then held outside the presence of the jury. During this hearing a deputy district attorney stated that defense counsel had neither been notified of the prosecution's decision to ask the owner to identify defendant during voir dire nor been informed that the owner had reported that he had seen defendant in the courtroom. Defense counsel stated that, "I had no way to prevent [the] identification and I certainly didn't have any idea that [the owner] was in there making an identification until he did." The trial court denied defendant's motions at the conclusion of the hearing.

The prosecution, relying on the co-conspirator exception to the hearsay rule, also elicited testimony from Robert Brown concerning statements made by Doug Moyer, defendant's alleged co-conspirator. Brown stated that, "Doug [Moyer] told me that he was going to hold up some guy in Golden outside of a bar," and that he had heard "Mr. Moyer ... trying to talk [defendant] into holding up a fellow in a bar up in Golden."

Defendant testified that he had accompanied Moyer to the restaurant, at Moyer's request, to help Moyer collect a debt; that

when the owner arrived at the restaurant, Moyer pulled a gun; and that Moyer ordered defendant to drive away. Defendant also testified that he had no advance knowledge of Moyer's plans; that he obeyed Moyer out of fear for his own life and for the safety of the restaurant owner; and that he received $900 from Moyer and traveled to Florida with him.

The jury returned a verdict of guilty to the charges of aggravated robbery, kidnapping in the second degree, and crime of violence.

## I.

■ Defendant contends that the trial court erred in refusing to submit to the jury tendered instructions on the lesser non-included offenses of accessory to crime and theft by receiving. We agree.

A defendant is entitled to an instruction on a lesser non-included offense when he requests such an instruction and there is evidence to support it. *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974); *People v. Banuelos,* 40 Colo.App. 267, 577 P.2d 305 (1977).

While the evidence certainly supports the jury's verdicts, defendant's testimony, if believed, would have supported a verdict of guilty of theft by receiving and accessory to crime, but not guilty of aggravated robbery and second degree kidnapping. Thus, the trial court's failure to give the lesser non-included offense instructions constitutes reversible error. *People v. Rivera, supra; People v. Banuelos, supra.*

Since certain other issues raised by defendant may arise again on retrial, we address them at this time.

## II.

■ Defendant contends that Brown's testimony regarding Moyer's out-of-court statements constituted inadmissible hearsay. We disagree.

Statements made by co-conspirators are admissible against any of the participants in the conspiracy if made during the course and in furtherance of the illicit relationship.

CRE 801(d)(2)(E); *People v. Small,* 631 P.2d 148 (Colo.1981). The proponent of such evidence must establish the existence of the conspiracy and defendant's participation therein by evidence independent of the statements. *People v. Braly,* 187 Colo. 324, 532 P.2d 325 (1975); *People v. Gable,* 647 P.2d 246 (Colo.App.1982). Such independent evidence establishing the conspiracy may be entirely circumstantial, however. *People v. Schlepp,* 184 Colo. 28, 518 P.2d 824 (1974).

Portions of Brown's testimony not connected with Moyer's statements, defendant's testimony, and the testimony of a police officer that defendant had admitted joint participation with Moyer in an offense in Colorado sufficiently established the existence of a conspiracy and defendant's participation therein. The record also supports the trial court's finding that Moyer's statements were made during the course and in furtherance of the conspiracy. *See People v. Braly, supra.* Hence, the trial court properly admitted Brown's testimony regarding Moyer's out-of-court declarations.

## III.

■ Defendant contends that the owner's observation of him at trial during voir dire, pursuant to the suggestion of the prosecution, impermissibly denied him his right to counsel during critical identification proceedings and, therefore, rendered inadmissible any in-court identification of him by the owner. Alternatively, defendant asserts that this identification procedure was so impermissibly suggestive that, on this ground alone, the owner's in-court identification testimony should have been prohibited.

A defendant is entitled to the assistance of counsel during lineups and showups held "at or after the initiation of adversary judicial criminal proceedings." *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). The right to counsel also applies to confrontations which take place at pretrial hearings. *Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977). A defendant does not have a right to coun-

sel at accidental pretrial identifications. *See United States v. Thevis,* 665 F.2d 616 (5th Cir.), *cert. denied,* — U.S. —, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982); *United States v. Gentile,* 530 F.2d 461 (2d Cir.), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2651, 49 L.Ed.2d 388 (1976). However, a defendant has such a right during identification procedures arranged by the prosecution which are conducted during judicial proceedings. *See United States v. Luck,* 447 F.2d 1333 (6th Cir.1971); *United States v. Roth,* 430 F.2d 1137 (2d Cir.1970), *cert. denied,* 400 U.S. 1021, 91 S.Ct. 583, 27 L.Ed.2d 633 (1971); *Mason v. United States,* 134 U.S. App.D.C. 280, 414 F.2d 1176 (1969).

Here, without prior communication with the trial court or with defense counsel, the prosecution arranged for an identification procedure to take place during judicial proceedings. Defendant's counsel was present but was not informed of the identification proceedings. While defendant's counsel was able to cross-examine the restaurant owner at trial, his inability to reconstruct what had occurred during the pretrial identification procedure acted to deny defendant the practical assistance of counsel contemplated by *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Therefore, we conclude that defendant's Sixth Amendment right to counsel was violated by these procedures. Thus, upon re-trial, the prosecution may not offer evidence of the owner's identification of defendant during the voir dire proceedings. Furthermore, the owner may not be permitted to make an in-court identification of defendant unless, after an evidentiary hearing, the trial court concludes that a sufficient independent basis exists to assure the reliability of such identification. *Gallegos v. People,* 176 Colo. 191, 489 P.2d 1301 (1971). *See People v. Roybal,* 43 Colo.App. 483, 609 P.2d 1110 (1979).

In view of this determination, we do not reach defendant's alternate position that the trial court erred in concluding that the identification procedure was not unduly suggestive. *See Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *People v. Mack,* 638 P.2d 257 (Colo. 1981).

The judgments of conviction are reversed and the cause is remanded for new trial.

BERMAN and TURSI, JJ., concur.