**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Antonio NUNEZ, Defendant-Appellant.**

**No. 83CA0930.**

Colorado Court of Appeals, Div. III.

Nov. 15, 1984.

Rehearing Denied Dec. 13, 1984.

Certiorari Granted April 15, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Karp, Goldstein & Stern, Sander N. Karp, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Antonio Nunez, appeals his conviction of selling and dispensing heroin. He argues that the trial court erred in admitting hearsay evidence, in denying his challenge for cause of a potential juror, and in denying his motion to dismiss based on the destruction of a police officer's handwritten notes. We affirm.

On January 26, 1981, Raul Batista, an undercover agent, and Porfirio Roybal, a police informant, entered a bar in West Denver to purchase some heroin. Charles Lamorie approached Batista and Roybal and told them that he knew of a source from whom heroin could be purchased. Lamorie stated he would "call his connect" and proceeded to make a phone call. Lamorie later identified his "connect" as "Pic," the defendant's nickname. Roybal also spoke with "Pic" on the telephone and, at trial, identified the voice as that of defendant. Lamorie then told Batista he had contacted his "connect" and he was coming to the bar.

When the defendant arrived, he sat at a table with Roybal, Lamorie, and Batista. Roybal passed the money for the purchase under the table to Lamorie. Lamorie's hands remained under the table, as did the defendant's. Movements were made under the table between the defendant and Lamorie. Lamorie, Roybal, and Batista then entered the washroom where Lamorie gave them the heroin.

The trial court admitted Batista's testimony that Lamorie said he would "call his connect" on the ground that it was within the "state of mind" exception to the hearsay rule. The defendant argues that Batista's testimony was inadmissible by both constitutional and evidentiary standards. We disagree.

CRE 803(3) provides that the following statements are not excluded by the hearsay rule, even though the declarant is available as a witness:

"A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health) ...."

■ The state of mind exception to the hearsay rule is based upon the trustworthiness of spontaneous statements. The availability of the declarant is immaterial if the statement is made under circumstances indicating sincerity. *Morrison v. Bradley*, 655 P.2d 385 (Colo.1982). Statements of present intent to engage in future conduct may be used as proof of the subsequent act. *People v. Madson*, 638 P.2d 18 (Colo. 1981). Lamorie's statement falls squarely within CRE 803(3), fulfilling each requirement of the rule, and was, therefore, admissible.

Defendant argues that, even if the statements were admissible under 803(3), the admission of the statements nevertheless denied him his constitutional right to confront the witnesses against him. We disagree.

■ The essence of the right of confrontation is to allow the defendant to meet his accusers and adverse witnesses face to face. This right allows the defendant to examine the conscience of the witness and to test the witness' recollection. *People v. Dement*, 661 P.2d 675 (Colo.1983).

■ The confrontation right and hearsay rules stem from the same roots and are designed to protect similar interests. They are both based on the premise that testimony at trial, given under oath, is more reliable if the declarant is subject to cross-examination before the finder of fact. *People v. Dement, supra.* However, the United States Supreme Court has rejected the view that admissibility of evidence under a hearsay exception is always sufficient to satisfy the defendant's confrontation right.

"While it may be readily conceded that hearsay rules and the Confrontation Clause are generally designed to protect similar values, it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exceptions as they existed historically at common law." *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).

■ The court in *Dutton*, however, determined that the prosecution was not required to produce an available witness when the hearsay evidence was not "crucial or devastating." Defendant contends that Batista's testimony of Lamorie's statement was "crucial and devastating" to his

defense since the trial court relied on the statement in finding a prima facie case of conspiracy. We disagree.

The trial court's use of an admissible hearsay statement to find a prima facie conspiracy does not in and of itself violate the defendant's confrontation rights. Lamorie's statement that he was going to "call his connect" falls squarely within the exception to hearsay under 803(3). Such statements are excepted from the hearsay rule because of their reliability. Such extrajudicial assertions are likely to be more reliable than a statement from the witness at trial after time has permitted reflection or memory has faded. *People v. Dement, supra.*

The statement was used to show the intended conduct of Lamorie, not to show the intended conduct of the defendant. Lamorie's declaration was fully corroborated by Batista's and Roybal's direct observations of Lamorie walking to the telephone and making a telephone call. In addition, Roybal actually spoke with the defendant on the phone and identified his voice. All of these factors together minimize the impact of Lamorie's statement on the defendant's case.

Defendant next contends that the trial court erred in admitting Batista's and Roybal's testimony of other statements made by Lamorie. The testimony was admitted pursuant to CRE 801(d)(2)(E) which authorizes the admission of "a statement by a co-conspirator of a party during the course and in furtherance of a conspiracy." The defendant argues that there was no independent evidence of the existence of a conspiracy. We disagree.

■■■■ Statements of a co-conspirator are admissible into evidence as standard exceptions to the hearsay rule and are competent to prove guilt of a substantive crime. *People v. Schlepp,* 184 Colo. 28, 518 P.2d 824 (1974). In order to admit statements of a co-conspirator, the prosecution must establish, by independent evidence, that a conspiracy existed and that the defendant was a participant. *People v. Braly,* 187 Colo. 324, 532 P.2d 325 (1975).

Proof of a conspiracy may be circumstantial, and there need be no direct evidence. *People v. Gable,* 647 P.2d 246 (Colo.App. 1982).

■■■■ Here, there is sufficient independent evidence to establish a conspiracy between Lamorie and defendant. Since the trial court correctly ruled that Lamorie's extrajudicial statement was admissible under CRE 803(3), this testimony provided enough independent evidence of conspiracy to warrant admission of the other extrajudicial statements. Further, there was additional testimony from both Batista and Roybal of their direct observations which substantiate the existence of the conspiracy. Roybal and Batista testified that they observed Lamorie making a phone call; Roybal testified that he spoke to defendant on the phone about a narcotics transaction, and that he recognized the defendant's voice. Roybal also testified that defendant appeared at the bar and then departed with Lamorie. Both witnesses saw Lamorie and defendant apparently exchanging something under the table, and were present when Lamorie came into the washroom with the heroin. This testimony was sufficient to establish the existence of a conspiracy and to support the trial court's admission of testimony under CRE 801(d)(2)(E).

■■■■ Defendant again argues that even if the statements were admissible under 801(d)(2)(E), the admission of the statements nevertheless denied him his right of confrontation. We agree with the several United States circuit courts which have ruled that statements admissible under Fed.R.Evid. 801(d)(2)(E) per se satisfy confrontation rights, and that the argument is frivolous. *United States v. Johnson,* 575 F.2d 1347 (5th Cir.1978); *United States v. Papia,* 560 F.2d 827 (7th Cir.1977); *Ottomano v. United States,* 468 F.2d 269 (1st Cir.1972), *cert. denied,* 409 U.S. 1128, 93 S.Ct. 948, 35 L.Ed.2d 260 (1973). *See also Dutton v. Evans, supra.*

■■■■ Defendant also argues that he was denied his constitutional right to a fair and impartial jury when, during *voir dire,* the trial court denied his challenge for cause of

a potential juror. The argument lacks merit.

During *voir dire*, the prospective juror expressed that he "detested" drugs and criminals. He initially stated that this feeling would "definitely" influence him in deciding the case. Upon further questioning by the trial judge, however, the juror stated he would "go to the evidence" in deciding the guilt of the defendant and not base the decision on an emotional response.

Under similar circumstances, denial of a challenge for cause was affirmed in *People v. Wright*, 672 P.2d 518 (Colo.1983), and, as in *Wright*, there is evidence in the record here which supports the trial court's ruling.

■■■ Finally, defendant contends that, although a typewritten copy was made, the destruction of Officer Batista's handwritten notes constituted a denial of defendant's right to due process. Officer Bastista testified that the typewritten report was identical to the original. Thus, under *People v. Morgan*, 199 Colo. 237, 606 P.2d 1296 (1980), there was no error.

The judgment is affirmed.

TURSI and METZGER, JJ., concur.