**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**William PICKERING,**
**Defendant-Appellant.**

No. 83CA0989.

Colorado Court of Appeals,
Div. I.

Dec. 19, 1985.

Rehearing Denied Jan. 30, 1986.

Certiorari Denied (People) Sept. 29, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

William Pickering appeals the judgment entered on jury verdicts convicting him of aggravated robbery, conspiracy to commit aggravated robbery, and commission of a crime of violence. As grounds for reversal, he asserts that there was error in the instructions given, that his tendered instructions were improperly refused, and that a pretrial photographic lineup was unduly suggestive. We reverse.

The defendant argues that the failure of the trial court to include in the elemental instruction on aggravated robbery the *mens rea* of "knowingly," to apply this intent to the first three elements of the offense, and to define this intent by separate instruction constitute plain error mandating reversal. We agree.

Members of a jury must be adequately instructed to enable them to assess whether every element of an offense has been proved beyond a reasonable doubt. *Chambers v. People,* 682 P.2d 1173 (Colo. 1984). The culpable mental state of an offense is an essential element, and for aggravated robbery, one culpable mental state is that the taking from the person of another is "knowingly" done. *People v. Mascarenas,* 666 P.2d 101 (Colo.1983); *People v. Smith,* 620 P.2d 232 (Colo.1980). The failure to include the applicable culpable mental state in the elemental instruction is a constitutional deficiency. *People v. Mattas,* 645 P.2d 254 (Colo.1982).

Where, as here, objection to the omission has not been made in the trial court, the sufficiency of the instructions is determined by application of a plain error standard and by examination of the instructions as a whole. *Chambers, supra.* Here, as in *Smith, supra,* a joint operation instruction concerning the act committed and the culpable mental state was given erroneously specifying that specific intent, a more culpable mental state than is required, is the culpable mental state to be applied to elements of aggravated robbery. It was held in *Smith* that the joint operation instruction removed the case from the

application of the plain error rule. *See* Crim.P. 52(b).

■ Here, however, the joint operation instruction cannot obviate the confusion because the element of specific intent in the elemental instruction was specifically limited to the intention to kill, maim, or wound the person robbed. Further, the confusion was exacerbated by the provision of the "knowingly" instruction which specified that such mental state applied only to the alternative intent of putting the person robbed in reasonable fear of death or bodily injury by force, threats, or intimidation.

Hence, the jury was told that specific intent applies to every element of aggravated robbery, that specific intent applies only to the intention to kill, maim, or wound, and that "knowingly" applies if the intent was to put the victim in fear of death or bodily injury. Under these circumstances, a jury cannot be expected to know what, if any, culpable mental state applies to the taking.

Relying on federal cases and on *People v. Romero*, 689 P.2d 692 (Colo.App.1984), the attorney general suggests that the recognition of plain error by appellate courts encourages "defense tactics which undermine the integrity of the trial process." We reject this argument as a basis for decision.

■ It is not alone the duty of defense counsel to assure the fairness of a defendant's trial. It is a primary duty of the trial court to instruct the jury properly on all matters of law. *People v. Mattas, supra; People v. Hardin*, 199 Colo. 229, 607 P.2d 1291 (Colo.1980). Moreover,

" 'It is scarcely necessary to add that a prosecuting attorney is a sworn officer of the government, required not merely to execute justice, but to preserve intact all the great sanctions of public law and liberty. No matter how guilty a defendant may, in his opinion, be, he is bound to see that no conviction shall take place except in strict conformity to law. It is the duty, indeed, of all counsel, to repudiate chicanery and appeal to unworthy

prejudice in the discharge of their high office; but eminently is this the case with public officers, elected as representing the people at large, and invested with the power which belongs to official rank, to comparative superiority in experience, and to the very presumption here spoken of, that they are independent officers of the state.' " *Ritchey v. People*, 23 Colo. 314, 47 P. 384 (1896). (C.J. Hayt on denying petition for rehearing).

It can no longer be subject to doubt that inclusion of an appropriate culpable mental state instruction is prerequisite to a constitutionally obtained conviction. If the continuing failure of defense counsel to object to deficiencies in the instructions in a timely manner is perceived by prosecuting officials as a disingenuous trial tactic, it is not only within their power, but it is their duty, to attend carefully to the submission and settlement of instructions to the end that juries are charged in conformity to the law.

■ We do not agree with defendant, however, that the failure of the trial court to instruct on a culpable mental state as to the charge of having committed a crime of violence is error. Commission of a crime of violence is not a substantive offense. *Brown v. District Court*, 194 Colo. 45, 569 P.2d 1390 (1977). It is at most a sentencing factor and relevant only if a defendant is found guilty of the substantive offense. Thus, the *mens rea* is that of the substantive offense.

■ We also reject the defendant's arguments that the trial court erred in refusing to give the defendant's tendered instructions. There was no foundation in the evidence for non-included offense instructions on accessory and theft by receiving. *See People v. Best*, 665 P.2d 644 (Colo.App.1983). Further, although the defendant cites out-of-state cases requiring or recommending the use of an eyewitness identification instruction, in Colorado it is not error to refuse such an instruction if a general instruction on credibility has been given. *People v. Thatcher*, 638 P.2d 760 (Colo.1981).

We find no support in the record for the defendant's contention that his pretrial photographic lineup identification was unduly suggestive. If, as the defendant argues, the photographic display was unduly suggestive because the defendant was the only man in the six pictures wearing a "corn-row" hairdo, that fact is not discernible from the photo array. Indeed, we perceive only one of the six men as having such a hair style, and that man is not the defendant.

The judgment is reversed, and the cause is remanded with directions to grant the defendant a new trial.

PIERCE and BABCOCK, JJ., concur.