The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Douglas Dale REYHER,**
Defendant-Appellant.

**No. 84CA0650.**

Colorado Court of Appeals,
Division I.

May 22, 1986.

Rehearing Denied July 3, 1986.

Certiorari Denied Nov. 3, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joel H. Dembinsky, Glenwood Springs, for defendant-appellant.

STERNBERG, Judge.

Defendant, Douglas Dale Reyher, appeals from a judgment entered on a jury verdict finding him guilty of possession and distribution of, and conspiracy to distribute, cocaine. We affirm.

In March 1983, defendant engaged in a cocaine sales transaction. Also involved were persons later charged as co-defendants and an undercover CBI agent. When defendant was arrested, police seized a handgun and an orange backpack, plus a blue stuff sack, a blue notebook, a T-shirt, and prescription pill-bottles, all of which were contained within the backpack. With the exception of the T-shirt, all of these items were properly inventoried on a search warrant return included in the arresting officer's report.

Defendant was formally charged in April 1983, at which time his attorney requested, by a Crim.P. 16 motion, any statements made by defendant or his co-defendants. After preliminary hearing, trial was set for November 28.

Defendant moved for a continuance, stating that the prosecution had failed to make certain items of evidence available to the defense. The defense had requested transcriptions or copies of tape recordings made of cocaine sales negotiations between defendant's co-defendants and police, and post-arrest interrogation of the co-defendants. Eight cassettes had been identified in police reports which also suggested the existence of additional, undisclosed tapes.

The trial court denied the motion but ordered the prosecution to provide the identified cassettes and to make a diligent effort to determine whether others existed.

The case came on for trial on November 28. In pre-trial conferences, defense counsel identified police reports which indicated the existence of another recording of post-arrest interviews of the co-defendants. This tape was not among the eight previously identified and had not been provided to the defense; defendant had, however, been provided with a written summary of the interviews recorded thereon. Defendant again moved for a continuance. The court deferred its ruling pending an opportunity to hear testimony from the CBI agent who had conducted the interviews and, apparently, had possession of the tape in question.

At a hearing held on the afternoon of the same day, the CBI agent testified that he had previously asked his secretary to search his office for additional tapes, and that she had reported that she had found none. A search conducted just prior to his testimony, however, turned up the missing tape. The agent testified that he then asked his secretary to play it, that she had reported it was blank, and that the written summary provided to defendant was an accurate record of the co-defendant interview.

On November 29, the jury was sworn and the once missing tape was delivered to defendant's expert for inspection. The expert discovered that the tape was not blank. On November 30, defendant moved for a mistrial, based on the prosecution's failure to provide the tape, and for supplemental discovery. At hearing on these motions, the expert also testified that the written summary accurately reported the interview. The mistrial motion was granted over opposition by the prosecution. The trial court ordered the People to produce a list of physical evidence which it intended to use at trial. The People complied with this order by letter, dated December 9, offering access to all evidence in the People's possession and indicating where it was located.

The trial was reset for February 16, 1984. Defendant moved to dismiss, claiming that retrial was barred by double jeopardy principles because of prosecutorial misconduct consisting of the failure of the People to provide discovery. The motion was denied in mid-January 1984.

On January 31, defense counsel inspected, for the first time, the physical evidence which had been the subject of the November 30 order and the December 9 letter. Defendant then filed a motion for sanctions, claiming, *inter alia*, that the prosecution would attempt to produce evidence at trial not previously disclosed to the defense. At a series of hearings held in early February, the trial court imposed various sanctions and the prosecution was ordered to provide a list of exhibits it intended to use at trial. This was accomplished on February 3. The court further ordered that certain evidence discovered only after the mistrial would be excluded from the retrial. The court stated that further sanctions would be considered if defendant could demonstrate specific prejudice as trial progressed.

## I.

On appeal, defendant first contends that the trial court erred in ruling that defendant's retrial was not barred by the double jeopardy provisions of the Colorado and United States Constitutions. We do not agree.

■ A defendant's motion for mistrial is generally considered to operate as a waiver of double jeopardy protections preventing retrial. *See People v. Baca*, 193 Colo. 9, 562 P.2d 411 (1977). An exception to this rule exists in cases in which such a motion is provoked by prosecutorial misconduct which was "committed for the purpose of provoking or forcing the defendant to move for a mistrial." *People v. Espinoza*, 666 P.2d 555 (Colo.1983). *See also People v. Baca, supra.* In determining whether such provocation exists, however, the crucial inquiry is one of motivation and intent: The court must determine whether a mistrial was provoked in order to gain a more favorable opportunity to convict on

retrial. The standard to be applied is one of overreaching flowing from bad faith or gross negligence. *People v. Baca, supra.*

■ Here, the trial court expressly found, and we agree that, while the conduct of the CBI personnel involved was negligent, it did not amount to gross negligence and it was not intended to provoke a mistrial because ultimately everything was made available to defendant. Because this ruling is amply supported by evidence in the record, we conclude that the trial court did not err in ruling that the prosecution's conduct was not improperly motivated. *See People v. Espinoza, supra.*

## II.

Two additional tapes were discovered subsequent to the court's ruling on mistrial. Defendant contends that the failure of the prosecution to disclose these additional tapes to him violated his due process rights to a properly prepared defense. Defendant also argues that numerous items of personal property, never before disclosed to him, were finally made available only just prior to retrial when the prosecution stated its intent to use them therein. Again, we do not agree.

■ The standard for determining if a delay in disclosure violates a defendant's due process rights is whether non-disclosure prevents the defendant from receiving a fair trial. *People v. Armstrong*, 664 P.2d 716 (Colo.App.1982), *rev'd on other grounds*, 701 P.2d 17 (Colo.1985). A defendant may not complain that he has had no access to otherwise discoverable evidence when he has failed to take advantage of the opportunity, offered by the prosecution, to examine it. *People v. Thatcher*, 638 P.2d 760 (Colo.1982).

■ As to the two additional tapes which were discovered only after the mistrial was declared, we note that the tapes were excluded from the retrial. Further, defendant had access to them by January 31 and could have used them in preparation of his defense.

■ Neither may defendant complain of the admission at retrial of the orange backpack and all of its contents. The record

reveals that with one exception, the T-shirt, the existence of these items was known to the defense as early as defendant's preliminary hearing held in June 1983. These items were the subject of a suppression hearing held on November 7. Further, although the evidence, including the T-shirt, was available pursuant to the open file policy of the district attorney, a policy of which defendant had notice at least as early as December 9, defendant made no effort to examine it until January 31. Defendant has therefore demonstrated no prejudice arising from any delay in disclosure.

We conclude that any delay in disclosure did not affect defendant's right to a fair trial. Hence, the trial court did not err in refusing sanctions concerning this evidence.

### III.

Finally, defendant contends that the trial court erred in admitting, pursuant to CRE 801(d)(2)(E), an out-of-court statement made by one of his co-defendants. He argues that the statement was improperly admitted and that its admission violated his confrontation right. We disagree.

Co-conspirator statements made during the course of and in furtherance of a conspiracy are admissible. CRE 801(d)(2)(E). Their admissibility, however, requires the prosecution to make a prior showing by independent evidence that a conspiracy exists and that the defendant is a participant therein. *People v. Gable*, 647 P.2d 246 (Colo.App.1982). This showing may be by circumstantial evidence. *People v. Schlepp*, 184 Colo. 28, 518 P.2d 824 (1974). In addition, both the federal and state constitutions require the prosecution to produce the declarant for cross-examination or demonstrate his unavailability before his statements may be used. *People v. Dement*, 661 P.2d 675 (Colo.1983).

Here, the CBI agent to whom the co-defendant's statement was made was the People's first witness. When he attempted to testify about the statement, however, the trial court refused to admit his testimony until the People established

the conspiracy and defendant's part therein. The record reveals that the offense was adequately established by independent evidence before the statement was admitted.

The record further indicates that the court was advised that both defense and prosecution were informed by the co-defendant's attorney that, if called, the co-defendant would invoke his Fifth Amendment rights and refuse to testify. He was, therefore, unavailable for purposes of the confrontation clause. *See United States v. Weiner*, 578 F.2d 757 (9th Cir.), *cert. denied* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978).

We conclude that the trial court did not err in admitting the co-defendant's statement under CRE 802(d)(2)(E).

Other contentions raised by defendant are without merit.

The judgment is affirmed.

PIERCE and METZGER, JJ., concur.